IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD W. MANN,            )
                            )
            Plaintiff,      )
                            )
       v.                   )     1:11CV516
                            )
EUROPEAN AMERICAN INVESTMENT)
BANK AG,                    )
                            )
            Defendant.      )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Motion to Serve Letters Rogatory on Defendant (Docket Entry 5) with an attached, proposed Request for Judicial Assistance (Letters Rogatory) (Docket Entry 5-1). Plaintiff did not file a brief in support of said Motion as required by this Court's Local Rules. See M.D.N.C. R. 7.3(a) (requiring submission of brief with all motions not listed in M.D.N.C. R. 7.3(j)); see also M.D.N.C. R. 7.3(j) (failing to list motions seeking issuance of letters rogatory among motions exempted from M.D.N.C. R. 7.3(a)). The Court could have stricken Plaintiff's instant Motion based on this deficiency, see M.D.N.C. R. 83.4(a), but instead, after conducting independent research, will grant it.

Plaintiff's Complaint identifies Defendant as "a company organized under the laws of a foreign state, Austria." (Docket Entry 1, ¶ 3.) The Federal Rules of Civil Procedure generally provide for service of process upon a corporation, partnership, or other unincorporated association, "at a place not within any judicial district of the United States, in any manner prescribed by

[Federal] Rule [of Civil Procedure] 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). The cross-referenced provision authorizes service "by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," Fed. R. Civ. P. 4(f)(1), or, "if there is no internationally agreed means, . . . by a method that is reasonably calculated to give notice . . . [including] as the foreign authority directs in response to a letter rogatory or letter of request," Fed. R. Civ. P. 4(f)(2)(B).

Other courts previously have observed that Austria was not, at the time of said opinions, a signatory to the relevant Hague Convention on service. See, e.g., In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000, No. MDL 1428 SAS, 2003 WL 1807148, at *7 n.15 (S.D.N.Y. Apr. 4, 2003) (unpublished). This Court's review of the Hague Conference's webpage regarding the Hague Convention on service, see http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited Oct. 23, 2011), confirms that Austria remains a non-signatory. Accordingly, resort to letters rogatory constitutes an appropriate step toward accomplishing service of process in this case. Moreover, based on a review of the sample letters rogatory on the website of the Bureau of Consular Affairs of the United States Department of State, see http://travel.state.gov/law/judicial/judicial_683.html (last visited Oct.

23, 2011), the Court finds Plaintiff's proposed letters rogatory generally appropriate.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Serve Letters Rogatory on Defendant (Docket Entry 5) is **GRANTED** and the Court will issue a Request for Judicial Assistance (Letters Rogatory), along with a copy of the Complaint and Summons in this case, to judicial officials in Austria for purposes of accomplishing service of process on Defendant.

                                                 /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                    **United States Magistrate Judge**

October 25, 2011

---

[1] The relevant State Department website, http://travel.state.gov/law/judicial/judicial_683.html (last visited Oct. 23, 2011), states that "[t]he letters rogatory and accompanying documents may be submitted to the Office of American Citizen Services, (CA/OCS/ACS), U.S. Department of State, SA-29 4th Floor, 2201 C Street NW, Washington, DC 20520-0001." Plaintiff, however, should note the existence of authority that, "[u]nder Austrian federal law, service of a foreign document in a foreign language, to which no certified German translation is attached, shall only be permissible provided the recipient is willing to accept it." In re Ski Train Fire, 2003 WL 1807148, at *7 (internal ellipses, footnote, and quotation marks omitted). Moreover, according to said authority, Austrian federal law mandates that "[t]he translation of a legal document in judicial proceedings must be certified by a sworn court interpreter/translator . . . [and] must include a certification clause together with a round seal affixed, which only certified court interpreters may use." Id. at *7 n.16.